JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-02220-KK-DTBx** | Date: | July 6, 2026 |
|---|---|---|---|

Title:   ***Mustafa Zeidan v. Costco Wholesale Corporation, et al.***

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 13]**

**I.**
**INTRODUCTION**

On November 6, 2025, plaintiff Mustafa Zeidan ("Plaintiff") filed a Complaint asserting a single claim for general negligence against defendants Costco Wholesale Corporation ("Costco"), Kim Sue Richardson ("Richardson"),[1] and Does 1 through 20 (collectively, "Defendants") in San Bernardino County Superior Court.  ECF Docket No. ("Dkt.") 1-1, Ex. A-1, Complaint ("Compl.").  On April 29, 2026, Defendants removed the action to this Court.  Dkt. 1, Notice of Removal ("NOR").  On May 29, 2026, Plaintiff filed the instant Motion to Remand ("Motion").  Dkt. 13, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

///

///

///

_____

[1] Erroneously sued as "Kim Sue."  NOR ¶ 1.

## II.
## BACKGROUND

### A.    RELEVANT FACTS

As alleged in the Complaint, Plaintiff is a California citizen, and defendant Costco is a corporation that "operates a chain of membership-only big-box retail stores and business centers," including a business center in Ontario, California ("Business Center").  Compl. ¶¶ 1, 9-10. Defendant Richardson, a California citizen, was employed by defendant Costco as manager of the Business Center, where she was "in charge of securing and ensuring customer safety."  Id. ¶¶ 3, 16.

On August 3, 2024, Plaintiff visited the Business Center "to purchase a variety of bulk items."  Id. ¶ 13.  After he exited the Business Center with merchandise worth approximately $16,800 and as he attempted to load the merchandise into his vehicle, four individuals "approached [Plaintiff], attacked him with a metal weapon, pushed him[,] and robbed him of [the] merchandise." Id.  Plaintiff was repeatedly attacked and suffered serious injuries.  Id. ¶ 14.

Defendant Costco "failed to have proper security in a place to protect customers."  Id. ¶ 15. "Proper security monitoring the Business Center premises would have averted and discouraged [Plaintiff's] attackers from using the Business Center as a source and place for robbery."  Id.  As the manager of the Business Center at the time of the incident, defendant Richardson was "negligent in securing the Business Center and protecting Business Center customers and [Plaintiff] from attackers intending to rob [them]."  Id. ¶¶ 16, 21.

### B.    PROCEDURAL HISTORY

On November 6, 2025, Plaintiff filed the operative Complaint in San Bernardino County Superior Court, asserting a single claim for general negligence against Defendants.  Id. ¶¶ 19-27.

On April 29, 2026, Defendants removed the action to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, and claiming defendant Richardson is a fraudulently joined, sham defendant.  NOR ¶¶ 3, 4.

On May 29, 2026, Plaintiff filed the instant Motion to Remand arguing defendant Richardson is a properly joined defendant who precludes diversity jurisdiction.  Mot. at 7-10.

On June 11, 2026, Defendants filed an Opposition.  Dkt. 17, Opposition ("Opp.").  Plaintiff failed to file a reply.  See C.D. Cal. L.R. 7-10.

This matter, thus, stands submitted.

///

///

///

///

# III.
# LEGAL STANDARD

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  However, a district court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  Id.; Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'").

The party asserting fraudulent joinder bears and burden of proof, and "[f]raudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Ultimately, there is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus, 980 F.2d at 566.

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).  Under the second theory of fraudulent joinder, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity[.]"  Morris, 236 F.3d at 1067.  However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  Hunter, 582 F.3d at 1046 (internal quotation marks and citation omitted).  "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT & T Wireless, Inc., No. C 06-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

The standard for evaluating fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under [Federal Rule of Civil Procedure ("Rule")] 12(b)(1) for lack of federal question jurisdiction." Grancare, LLC, 889 F.3d at 549 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent" because "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." Id.; Padilla, 697 F. Supp. 2d at 1159 ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."). "The propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record." McBee v. Raytheon Techs. Inc., No. CV 23-07271-JAK-BFMx, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024); see also Allen v. Boeing Co., 784 F.3d 625, 635 (9th Cir. 2015) (recognizing a "conceivable claim" where the defendant failed to present "discrete and indisputable facts that would preclude [p]laintiffs from recovering").

**IV.**
**DISCUSSION**

Plaintiff asserts a claim of general negligence against defendant Richardson. See Compl. As discussed below, the Court finds Defendants fail to meet their burden of demonstrating defendant Richardson is a fraudulently joined, sham defendant.

**A.      APPLICABLE LAW**

To state a general negligence claim, a plaintiff must allege (1) a legal duty to use due care; (2) a breach of such legal duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty to care. See Annocki v. Peterson Enter., LLC, 232 Cal. App. 4th 32, 37 (2014).

**B.      ANALYSIS**

Here, Defendants fail to establish by clear and convincing evidence defendant Richardson is a fraudulently joined, sham defendant. Defendants assert Plaintiff cannot allege a negligence claim against defendant Richardson because she was an Administrative Manager for defendant Costco, overseeing sales audits, accounting, payroll, and human resources, and "had no duty or ability to employ security guards or security personnel." Opp. at 6. The Court finds otherwise.[2]

---

[2] In their Opposition, Defendants argue this case is analogous to other cases within this District where courts have found defendants were improperly joined. Opp. at 5-8. However, none of those cases concern an allegedly fraudulently joined individual defendant. Rather, those cases involved plaintiffs who had sued both defendant Costco and its California subsidiary, with courts finding the California subsidiary was fraudulently joined because it did not maintain any control over the relevant premises. See, e.g., Holliday v. Costco Wholesale Corp., No. CV 20-01106-SVW-RAOx, 2020 WL 1638607 (C.D. Cal. Apr. 2, 2020); Navarro v. Costco Wholesale Corp., No. CV 20-02146-VAP-ASx, 2020 WL 2521270 (C.D. Cal. May 18, 2020); Khodagholian v. Costco Wholesale Corp., No. CV 23-10647-WLH-BFMx, 2024 WL 3653046 (C.D. Cal. Aug. 5, 2024); Garcia v. Costco Wholesale Corp., No. EDCV 24-01137-KK-SHKx, 2024 WL 3549222 (C.D. Cal. July 26, 2024).

JS-6

First, the Court finds Plaintiff has stated a claim for general negligence against defendant Richardson.  Plaintiff has alleged defendant Richardson was "in charge of securing and ensuring customer safety at the Business Center" and thus owed him a duty to use due care.  Compl. ¶ 16.  Second, Plaintiff has alleged defendant Richardson breached this duty by failing to "secure the Business Center and protect Business Center customers and Plaintiff from attackers intending to rob him."  Id. ¶ 21 (citation modified).  Third, Plaintiff has alleged this breach "expos[ed] [Plaintiff] to an unreasonable risk of harm."  Id. ¶ 23.  Finally, Plaintiff has alleged he was injured during the attack and robbery and incurred medical expenses.  Id. ¶ 27.

Moreover, even assuming the current allegations failed to state a claim, it is nonetheless possible Plaintiff could amend the Complaint to sufficiently allege a general negligence claim against defendant Richardson.  Hunter, 582 F.3d at 1046 ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." (citation modified)); McBee, 2024 WL 182282, at *6 (remanding where "a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant" (citation modified)).

Thus, considering the "strong presumption" against removal, the Court finds Defendants have not met their burden to establish by clear and convincing evidence Plaintiff could not sufficiently allege a claim for general negligence against defendant Richardson.  See De Peralta, 2018 WL 748287, at *5.

Accordingly, defendant Richardson has not been fraudulently joined.  Thus, her inclusion in this action – as a California citizen – destroys diversity jurisdiction.  Id.

## V.
## CONCLUSION

Defendants fail to present clear and convincing evidence defendant Richardson is a fraudulently joined defendant.  The Court thus finds defendant Richardson is a properly joined defendant whose presence destroys diversity.  Accordingly, this Court lacks subject matter jurisdiction.

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**.

**IT IS SO ORDERED**.  (JS-6)